**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5008**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

RICHARD LEE ADAMS,

             Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Dever III, District Judge.  (5:08-cr-00004-D-1)

Submitted:  December 7, 2010         Decided:  January 3, 2011

Before KING, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Slade C. Trabucco, THE TRABUCCO LAW FIRM, P.A., Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to the terms of his written plea agreement, Richard Lee Adams pleaded guilty to robbery, using and carrying a firearm during a crime of violence, and possession of a firearm by a convicted felon. The district court granted the Government's motion to depart from the advisory Guidelines range under inter alia U.S. Sentencing Guidelines Manual ("USSG") § 4A1.3(a)(1) (2008). The court then sentenced Adams to a total of 240 months in prison. Counsel for Adams has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious issues, but questioning whether the district court committed clear error by granting the Government's motion for an upward departure under USSG § 4A1.3. Although advised of his right to file a pro se supplemental brief, Adams has not done so. For the following reasons, we affirm.

In assessing a sentencing court's decision to depart from a defendant's Guidelines range, we "consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. McNeill, 598 F.3d 161, 166 (4th Cir.) (internal quotation marks omitted), petition for cert. filed, __ U.S.L.W. __ (U.S. July 2, 2010) (No. 10-5258). Under USSG § 4A1.3(a)(1),

a court may depart upward based upon its determination that the calculated criminal history category substantially underrepresents either the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes. In the background commentary, the Sentencing Commission recognized that an upward departure may be appropriate for "younger defendants (e.g., defendants in their early twenties or younger) who are more likely to have received repeated lenient treatment, . . . [as they] may actually pose a greater risk of serious recidivism than older defendants." USSG § 4A1.3, p.s., cmt. (backg'd). In choosing the appropriate criminal history category for departure, the court should use "as a reference, the criminal history category applicable to defendants whose criminal history or likelihood to recidivate most closely resembles that of the defendant's." USSG § 4A1.3(a)(4)(A).

Adams does not identify on what basis the district court may have erred in imposing a departure under § 4A1.3. We conclude that the district court made specific findings of fact and relied on appropriate factors in determining that a departure was warranted. Adams was twenty-one years old at the time of his sentencing, and the district court determined that he had a history of violent behavior and had repeatedly failed to perform well during his previous probationary sentences.

Moreover, certain of Adams' prior convictions were consolidated, resulting in a more lenient sentence. In addition, the district court noted that Adams was a gang member and had a number of institutional infractions.

Reliance upon the defendant's continued criminal conduct during incarceration and supervised release, which demonstrates that the criminal justice system had previously failed to deter, is a proper basis for a USSG § 4A1.3 departure. See McNeill, 598 F.3d at 166. In addition, the court correctly relied upon Adams' relatively young age and relatively long history of "poor interaction with the criminal justice system." Accordingly, we find that the district court acted reasonably in granting the departure.

Next, we must consider the reasonableness of the extent of the departure. Here, in accordance with the Guidelines' instructions, the district court determined that the criminal history of Category VI defendants most closely mirrored Adams' criminal background. Adams did not contend below or on appeal that his criminal history was not substantially similar to Category VI defendants. Accordingly, we find that the district court reasonably increased Adams' Criminal History Category from IV to VI.

Pursuant to Anders, we have examined the entire record in this case, and we have found no meritorious issues for

4

appeal.  Accordingly, we affirm the district court's judgment.
This court requires that counsel inform his client, in writing,
of his right to petition the Supreme Court of the United States
for further review.  If the client requests that a petition be
filed, but counsel believes that such a petition would be
frivolous, then counsel may move in this court for leave to
withdraw from representation.  Counsel's motion must state that
a copy thereof was served on the client.  We dispense with oral
argument because the facts and legal contentions are adequately
presented in the materials before the court and argument would
not aid the decisional process.

AFFIRMED